## PERRETT *vs.* KA-AA.

MOTION TO BE ALLOWED TO FILE EXCEPTIONS.

APRIL TERM, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

The time for presenting a bill of exceptions to the Justice for allowance is within ten days from the decision, or, if in term time, before final adjournment, This cannot be extended by consent of opposing counsel or waived by him.

A laxity of practice in this respect having heretofore obtained, the Court allows the bill of exceptions to be presented to the Justice, though the ten days had elapsed.

OPINION OF THE COURT, BY JUDD, C.J.

This case was tried at the October Term, 1887, of this Court, the jury returning a verdict for the plaintiff.

Exceptions were alleged, and all things necessary to perfect the same were done except the filing of a bill of exceptions. But the case was placed on the calendar of banco cases of January Term, 1888, and again on the calendar of the present term, whereas it was not entitled to be so placed. Hereafter the Clerk is not to put on the banco calendar any case involving exceptions in which the bill is not on file.

W. R. Castle, Esq., attorney for defendant, now moves that he be allowed to file his bill of exceptions, and urges as his excuse for his failure, pressure of legislative duties and ill health.

We think the true construction of the statutes and the rules of Court is that the bill of exceptions must be tendered to the Court within ten days; or, if in termtime, before final adjournment, and that the time within which this is to be done cannot be extended by consent of the opposing attorney or waived by him.

Any other course operates prejudicially to the presiding Justice, who is entitled to have the bill presented to him while the matters involved are fresh in his mind.

We are aware that of late there has been considerable laxness in this respect, and counsel have often readily procured the consent of opposing counsel to delay in perfecting exceptions, and this has not been objected to by the Court, although not specifically approved of.

In the case before us, counsel for plaintiff consent in writing that the bill may at this stage be presented to the Justice who presided at the trial for allowance, and for the reason that the waiver of counsel to non-compliance with the requirements as to time has hitherto been considered as curing the defect, we will allow this to be done in this case.

*W. A. Kinney*, for plaintiffs.

*W. R. Castle*, for defendant.